UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WI-LAN Inc.; Wi-LAN USA, Inc.; Wi-LAN Labs, Inc.,<br><br>              Plaintiffs,<br><br>v.<br><br>LG Electronics, Inc.; LG Electronics U.S.A., Inc.; LG Electronics Mobilecomm U.S.A., Inc.,<br><br>              Defendants. | Case No.: 18-cv-01577-H-BGS<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>**[ECF NO. 43]** |

On December 18, 2018, the Court denied without prejudice the parties' Joint Motion for Entry of Protective Order & ESI Order (ECF No. 41) due to its noncompliance with Judge Skomal's Chambers Rules. (ECF No. 42.) The parties' renewed Joint Motion for Entry of Protective Order (ECF No. 43) that complies with Judge Skomal's Chambers' Rule is currently before the Court.

Having reviewed and considered the motion and proposed orders, and good cause appearing, the Court **GRANTS** the Joint Motion for Entry of Protective Order (ECF No. 43) **AS FOLLOWS**:

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; source code; models and prototypes and other physical objects.

3.      The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of outside counsel of record.

GENERAL RULES

4.      Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or other information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

a.      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.      Designation as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

c.      Designation as "HIGHLY CONFIDENTIAL – SOURCE CODE": Any party may designate information as "HIGHLY CONFIDENTIAL – SOURCE CODE" only if, in the good faith belief of such party and its counsel, the information is computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"). For information designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

(1)      Access to a party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network,

including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located at the offices of the producing party's outside counsel, or any other location mutually acceptable to the producing and receiving parties;

(2) The receiving party shall provide at least five business days notice of its intent to access the Source Code Material of the producing party and its requests for such access to the stand-alone computer(s) are limited to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel or other mutually acceptable location shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this litigation;

(3) The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(4) The producing party will produce Source Code Material on the stand-alone computer(s) in the same computer searchable native format that it provides to its own counsel and experts, and not as OCR'd printouts.

(5) The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer(s), provided, however, that (a) the receiving party possesses an appropriate license to such software tools, and (b) the producing party does not object to such software tools within five (5) business days. At least the following software tools are not objectionable: Notepad++(including the "compare" and "explorer" plugins), Vim, FileLocator Lite, and FileLocator Pro. The receiving party must provide the producing party with an electronic copy of such licensed software tool(s) at least five (5) business days in advance of the date

upon which the receiving party wishes to have the additional software tools available for use on the stand-alone computer(s).

(6) Access to Confidential Information designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited to counsel (as defined in paragraph 3) and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a party) retained for the purpose of this litigation and approved to access such Confidential Information pursuant to paragraph 8 below. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the stand alone computer containing the Source Code Material. All persons entering the locked room containing the Source Code Material must agree to submit to reasonable security measures to insure they are not carrying any prohibited input/output devices.

(7) The receiving party's counsel and/or expert shall be entitled to take notes relating to the Source Code Material, but may not copy any portion of the Source Code Material into the notes. No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein.

(8) No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except as the receiving party may request a reasonable number of pages of Source Code Material to be printed by the producing party, but only if and to the extent necessary for use in this litigation. In no event may the receiving party print more than 50 consecutive or continuous pages of the Source Code Material without prior written approval by the producing party. Except, the receiving party may request the printing of a continuous block of more than 50 pages, which request shall

not be unreasonably denied. Further, in no event shall the receiving party print an aggregate total of more than 10% of the total Source Code Material provided or 500 pages (whichever is greater) during the duration of the case without prior written approval by the producing party. In the event that after the Source Code Material has been made available for inspection, the receiving party believes that the cap on the aggregate total number of pages that can be printed in the case is unreasonable, the parties agree to negotiate in good faith to modify the aggregate total cap. Within five business days, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE". The printed pages shall constitute part of the Source Code Material produced by the producing party in this action.

(9) A receiving party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code Material are quoted in document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(10) Except as set forth in paragraph 4(c)(14) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing party, except as necessary to create documents which, are to be filed with the Court or served on a party electronically;

(11) The receiving party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated

and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving party shall maintain a log of all such files that are printed or photocopied;

(12)   Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(13)   If the receiving party's counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving party shall ensure that such counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such counsel, consultants, or expert. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(14)   A producing party's Source Code Material may only be transported by the receiving party at the direction of a person authorized under paragraph 4(c)(6) above to another person authorized under paragraph 4(c)(6) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 4(c)(13) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

5.   In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For

purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until twenty-one (21) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY." Any deposition transcript that is prepared before the expiration of a twenty-one-day (21-day) period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the deposition transcript shall be treated only as actually designated.

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately

presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" may be viewed only by counsel (as defined in paragraph 3) of the receiving party and by independent experts under the conditions set forth in this paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within five (5) business days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fifth day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld. If a producing party does object before the fifth day period has passed, the parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within ten (10) business days following receipt of the objection seeking a ruling with respect to the proposed disclosure. The objecting Party shall have the

burden of proving the disclosure sought should be prohibited. No disclosure shall occur until all such objections are resolved by agreement or Court order.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party

seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection, and the designating party has the burden to show that the materials are confidential. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this

Order. The receiving party must treat the materials as Confidential Information, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing, within fourteen (14) days, a privilege log for the inadvertently or unintentionally produced documents, information or other material. The receiving party shall gather and return all copies of such documents, information or other material to the producing party, except for any pages containing privileged or otherwise protected markings by the receiving party, which pages shall instead be destroyed and certified as such to the producing party.

17.	Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.	Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

12

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Except as otherwise provided herein, any person who reviews material designated "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" is prohibited from drafting or amending claims in patents or patent applications before any patent office relating to wireless technology on behalf of any party or its acquirer, successor, predecessor, or other affiliate. This prohibition against drafting or amending claims thus applies on behalf of Wi-LAN or any current or future Wi-LAN-related entity, as well as LG or any current or future LG-related entity. This prohibition against drafting or amending claims begins upon review of any "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" material and will remain in effect until two (2) years after the first of these occurs: (a) the termination of this litigation, including any appeals; or (b) if the person who reviewed the "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" material was an outside counsel, then the withdrawal from representation by that person. Nothing in this paragraph should be construed as an admission that the asserted patents describe, enable, and/or claim 3G UMTS wireless technology, 4G LTE wireless technology, or any other wireless telecommunications technology."

22. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party,

and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. Within 30 days after final termination of this action, including any appeals, the Court will destroy any confidential or sealed documents in its possession pertaining to this case. This destruction will be preceded by an ex parte motion for an order authorizing the destruction thereof.

24. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by facsimile or electronic means is acceptable for all notification purposes within this order.

27. This Order may be modified by agreement of the parties, subject to approval by the court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

29. Without separate court order, this Protective Order (and the parties' stipulation) does not change, amend, or circumvent any court rule or local rule.

30. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.  If an application to file a document under seal is granted by Judge Skomal, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to Judge Skomal's chambers.

**IT IS SO ORDERED.**

Dated:  December 19, 2018

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WI-LAN INC.; WI-LAN USA, INC.; & WI-LAN LABS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br><br>Defendants. | Case No. 3:18-cv-01577-H-BGS<br><br>**EXHIBIT A TO PROTECTIVE ORDER** |

**UNDERTAKING OF** _____

I, [_____] state the following under penalties of perjury as provided by law:

I have been retained by [_____] as an expert or consultant in connection with this case.  I will be receiving Confidential and Highly Confidential information that is covered by the Court's Protective Order.  I have read the Court's Protective Order and understand that the Confidential and Highly Confidential information is provided pursuant to the terms and conditions in that order.  I agree to be bound by the Court's Protective Order.  I agree to use the Confidential and Highly Confidential information solely for purposes of this case.  I understand that neither the Confidential and Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order.  I agree to return the Confidential and Highly Confidential information and any notes concerning that information to the attorney who provided it or to destroy the information and any notes at that attorney's request.  I submit to the jurisdiction of the Court that issued the Protective

Order for purposes of enforcing that order.  I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____

           [signature]

Subscribed and sworn to before me

this ____ day of _____, 2019

_____

Notary Public

17

18-cv-01577-H-BGS