# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WI-LAN INC.; WI-LAN USA, INC.; and WI-LAN LABS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC; and LG ELECTRONICS MOBILECOMM U.S.A., INC., <br><br> Defendants. | Case No.: 18-cv-01577-H-BGS <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO STRIKE** <br><br> [Doc. No. 136.] |

On August 30, 2019, Plaintiffs Wi-LAN Inc., Wi-LAN USA, Inc., and Wi-LAN Labs, Inc. filed a motion to strike and exclude portions of the export report of Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc.'s technical expert, Mr. Proctor, and portions of the expert report of LG's source code expert, Mr. Frappier. (Doc. No. 136.) On September 16, 2019, LG filed its response in opposition to Wi-LAN's motion to strike. (Doc. No. 165.) On September 18, 2019, the Court took the matter under submission. (Doc. No. 171.) On September 21,

1

2019, Wi-LAN filed its reply.[1] (Doc. No. 175.) For the reasons below, the Court denies Wi-LAN's motion to strike.

## Background

On July 11, 2018, Wi-LAN filed a complaint for patent infringement against LG, alleging infringement of U.S. Patent Nos. 8,787,924, 8,867,351, 9,226,320, and 9,497,743. (Doc. No. 1.) Specifically, Wi-LAN alleges that LG's wireless communication products that are compliant with the 3rd Generation Partnership Project 4G LTE standard directly infringe the patents-in-suit. (Id. ¶¶ 37, 40, 53, 66, 79.)

On October 10, 2018, LG filed an answer to Wi-LAN's complaint along with counterclaims for: (1) declaratory judgments of non-infringement and invalidity of the patents-in-suit; (2) declaratory judgment of unenforceability for failure to disclose to standard setting organizations; (3) declaratory judgment of unenforceability of the '351 patent; (4) declaratory judgment that LG is entitled to license the patents-in-suit on FRAND/RAND terms and conditions; (5) breach of contract; (6) monopolization and attempted monopolization in violation of section 2 of the Sherman Act; and (7) unfair business practices under California Business and Profession Code § 17200 *et seq*.[2] (Doc. No. 17.) On November 13, 2018, the Court issued a scheduling order in the action. (Doc. No. 36.) On January 9, 2019, the Court entered a supplemental protective order for non-party Qualcomm, Inc. (Doc. No. 51.)

On March 11, 2019, Wi-LAN served its first set interrogatories on LG, which included the following two interrogatories:

> **Interrogatory No. 4:** Identify with specificity which claim elements asserted in Plaintiff's Patent Local Rule 3.1 infringement charts You admit are present in Your Accused Products, and which You contend are absent, setting forth in

---

[1] The Court notes that Wi-LAN's reply brief was 11 pages in length in violation of Civil Local Rule 7.1(h) and the Court's scheduling order. (See Doc. No. 143 at 3.)

[2] On April 12, 2019, the Court granted in part and denied in part Wi-LAN's motions to dismiss LG's counterclaims, and the Court dismissed LG's counterclaim for declaratory judgment of unenforceability of the '351 patent due to infectious unenforceability with prejudice. (Doc. No. 79.)

> detail the basis for any contention that an element is absent, including any specific evidence that You assert proves a particular claim limitation is not present in any Accused Product.
>
> . . .
>
> **Interrogatory No. 5**: Identify with specificity any products or processes that You contend are acceptable noninfringing alternatives to those covered by the Asserted Claims, identifying with specificity which claim elements asserted in Plaintiff's Patent Local Rule 3.1 infringement chart You contend are absent from such noninfringing alternatives, and stating why.

(Doc. No. 136-2, First Decl. Ex. 2 at 7, 18; Doc. No. 141 at 1.)

On July 5, 2019, LG served its first supplemental objections and responses to Wi-LAN's interrogatories. (Doc. No. 136-2, First Decl. Ex. 2.) In its objections and responses, LG objected to interrogatories Nos. 4 and 5 on, among other grounds, that the interrogatories requested "information, that is outside of LG's possession, custody, or control and that LG is not entitled to view or access as a result of the Qualcomm Supplemental Protective Order." (Id. at 14, 22.) LG also objected to interrogatories Nos. 4 and 5 "as premature to the extent [they] request[] opinion or expert testimony. (Id. at 7, 18.) LG further stated that it "intends to rely upon expert testimony to sufficiently respond to Interrogatory No. [4/5] and to support its noninfringement of the Asserted Claims." (Id. at 16, 24.)

On August 20, 2019, the Court granted Wi-LAN's motion to extend the deadline for rebuttal expert reports to August 28, 2019. (Doc. No. 131.) On August 28, 2019, LG served the rebuttal expert report of James A. Proctor, Jr. and the rebuttal expert report of Mark Frappier. (Doc. No. 141, First Decl. Exs. 1, 9.) On September 3, 2019, LG served its second supplemental responses to Wi-LAN's interrogatories Nos. 4 and 5. (Doc. No. 166-2, Lukas Decl. Ex. 2.) In its second supplemental responses, LG incorporated Messrs. Proctor and Frappier's expert reports into its responses pursuant to Federal Rule of Civil Procedure 33(d). (Id. at 21, 30.) On September 3, 2019, the Court issued an amended scheduling order in the action. (Doc. No. 143.)

By the present motion, Wi-LAN moves to strike certain portions of the export report of LG's technical expert, Mr. Proctor, and certain portions of the expert report of LG's source code expert, Mr. Frappier. (Doc. No. 141.) Specifically, Wi-LAN moves to strike paragraphs 208-211, 214-216, 218-221, 241-248, 250-256, 258-261, 264-266, 277-282, 286-297, 321-325, 328-331, 333-341 and 383-388 of Mr. Proctor's rebuttal expert report and paragraphs 40-73, 81-90, and 92 of Mr. Frappier's expert report. (Id. at 1.)

**Discussion**

Wi-LAN argues that the Court should strike the paragraphs at issue from Messrs. Proctor and Frappier's expert reports because they contain new non-infringement positions and new non-infringing alternatives that should have been disclosed earlier in the litigation. (Doc. No. 141 at 1.) Specifically, Wi-LAN argues that these non-infringement theories and non-infringing alternatives should have been included in LG's earlier responses to Wi-LAN's contention interrogatories, Interrogatories Nos. 4 and 5. (Id. at 1, 9-10.)

In response, LG argues that it has complied with the Federal Rules of Civil Procedure and the Court's Local Rules, and it did not commit any discovery violation. (Doc. No. 165 at 1.) LG argues that it could not have provided the responses at issue to Wi-LAN's contention interrogatories until the time it did because it was not permitted to view the underlying Qualcomm source code that was relevant to the non-infringement issues. (Id. 9-10.) LG also argues that its reliance on its experts to supplement its responses to Wi-LAN's contention interrogatories was proper because those interrogatories called for highly technical rebuttal expert testimony that LG was not required to disclose in interrogatory responses. (Id. at 10.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed R. Civ. P. 26(b). Federal Rule of Civil Procedure 33(a)(2) provides: "An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be

answered until designated discovery is complete, or until a pretrial conference or some other time." Fed R. Civ. P. 33(a)(2).

Under Federal Rule of Civil Procedure 26(e)(1), "[a] party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed R. Civ. P. 26(e)(1). Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." Id.

Nevertheless, under Rule 37(c)(1), "[t]he information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing sanctions bears to burden of proving substantial justification or harmlessness. See id. Further, a district court has "particularly wide latitude" in determining whether to issue sanctions under Rule 37(c)(1). Id.

Wi-LAN served the contention interrogatories at issue on March 11, 2019. (Doc. No. 136-2, First Decl. Ex. 2 at 7, 18; Doc. No. 141 at 1.) In response to these interrogatories, LG objected on, among other grounds, that the interrogatories requested "information, that is outside of LG's possession, custody, or control and that LG is not entitled to view or access as a result of the Qualcomm Supplemental Protective Order." (Doc. No. 136-2, First Decl. Ex. 2 at 14, 22.) Under the supplemental protective order For

Qualcomm that was entered in this case, LG was not permitted to view or access Qualcomm's source code. (See Doc. No. 51 ¶¶ 19-21.) Thus, to the extent LG required access to Qualcomm's source code in order to respond to Wi-LAN's contention interrogatories, LG's objection was proper. The Court notes that Wi-LAN never challenged LG's objection through a joint discovery dispute filing after being served with LG's responses and objections to the interrogatories at issue. See Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd., 340 F. Supp. 3d 934, 1000 (N.D. Cal. 2018); PerdiemCo, LLC. v. Industrack LLC, No. 215CV00727JRGRSP, 2016 WL 8135383, at *2 (E.D. Tex. Oct. 25, 2016) ("If [plaintiff] took issue with any of [defendant]'s interrogatory responses or objections, the appropriate remedy was to file a motion to compel a response.").

Wi-LAN now argues that despite the protective order, LG had access to the Qualcomm source code through its outside counsel and experts. (Doc. No. 177 at 6.) This may be true, but the problem with this argument is that under the Court's scheduling order, LG was not required to disclose expert opinions and analysis on the issue of non-infringement until a later stage of the case.[3] See Huawei, 340 F. Supp. 3d at 1000 ("'[E]xpert theories need not be disclosed in response to interrogatories.'" (quoting Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd., No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *13 (E.D. Tex. Nov. 4, 2017)).)

Under the Court's scheduling orders, LG was not required to disclose expert opinions on the issue of non-infringement until August 28, 2019.[4] (Doc. No. 131.) On August 28, 2019, LG timely served Messrs. Proctor and Frappier's rebuttal expert reports containing the opinions at issue. (See Doc. No. 141, First Decl. Exs. 1, 9.) Shortly

---

[3] Indeed, LG also objected to the interrogatories at issue on this basis. (See Doc. No. 136-2, First Decl. Ex. 2 at 7, 18 (objecting to interrogatories Nos. 4 and 5 "as premature to the extent [they] request[] opinion or expert testimony).)

[4] "A patentee ordinarily bears the burden of proving infringement." Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 846 (2014). Thus, LG was permitted to wait until the deadline for rebuttal expert reports, August 28, 2019, to disclose expert opinions on the issue of non-infringement of the patents-in-suit.

thereafter, LG served supplemental responses to Wi-LAN's interrogatories Nos. 4 and 5, incorporating Messrs. Proctor and Frappier's expert reports into its responses pursuant to Federal Rule of Civil Procedure 33(d), prior to the close of fact discovery in this case. (Doc. No. 166-2, Lukas Decl. Ex. 2 at 21, 30; see Doc. No. 143 at 2.)

In sum, the Court declines to find that LG's actions constitute a discovery violation. See MediaTek Inc. v. Freescale Semiconductor, Inc., No. 11-CV-5341 YGR, 2014 WL 2854773, at *5 (N.D. Cal. June 20, 2014) ("The Court will not penalize MediaTek for providing its response—its expert rebuttal report—at the time appointed by the Court's scheduling order."). Further, even assuming LG's action constitute a discovery violation, LG's actions were substantially justified for the reasons above. In addition, Wi-LAN has failed to establish that it would be prejudiced by the Court's denial of its motion to strike. The Court notes that Wi-LAN was permitted to depose Mr. Proctor and Mr. Frappier regarding the contents of their expert reports although it appears that Wi-LAN declined to do so. (See Doc. No. 177 at 10; Doc. No. 165 at 5.)

## Conclusion

For the reasons above, the Court denies Wi-LAN's motion to strike.

**IT IS SO ORDERED.**

DATED: September 25, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT